

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2008

# Ghotra v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2844

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ghotra v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1747.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1747

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2844
_____

MANJIT SINGH GHOTRA
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
Agency No. A95-560-449
Immigration Judge: Honorable Daniel Meisner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 20, 2007

Before:    AMBRO, FUENTES AND FISHER, <u>CIRCUIT</u> <u>JUDGES</u>

(Opinion filed   January 15, 2008 )
_____

OPINION
_____


PER CURIAM

Petitioner Manjit Singh Ghotra, a native and citizen of India, and a Sikh by

religion, entered the United States without inspection in February 2004, and was placed in

removal proceedings under Immigration & Nationality Act § 212(a)(6)(A)(i) (present without being admitted or paroled). Ghotra applied for asylum, withholding of removal, and for protection under the Convention Against Torture ("CAT"), claiming that he had been persecuted in India because of his father's political beliefs and activities on behalf of the Akali Dal Mann political party. Ghotra's claim for relief was based on three arrests and severe beatings he and his father and younger brother allegedly received, apparently because the Indian police believed that they were aiding extremists.

Following a hearing, the Immigration Judge made an adverse credibility determination that was supported in part by Ghotra's failure to provide evidence to corroborate his claim.[1] The IJ further found that Ghotra's father was a low-level member of the party, and that country conditions had improved enough for Sikhs since 1994 that low-level members of Akali Dal Mann had little to fear. On March 22, 2006, the Board of Immigration Appeals affirmed, substantially for the reasons given by the IJ. The Board concluded that the IJ did not clearly err in his assessment of country conditions, Ghotra had not meaningfully addressed the IJ's concern about the lack of corroborative evidence, and he had not met his burden of proof. Ghotra did not petition for review of this decision.

Ghotra filed a motion to reopen with the Board within 30 days, contending,

---

[1] The IJ thought it suspect that Ghotra was able to get his driver's license and school records from his family in India, but no documents that would corroborate the beatings.

apparently, that country conditions had deteriorated for Sikhs. He submitted an affidavit, in which he asserted that the Congress party was in power in the Punjab region of India and that Sikhs were being persecuted. He also alleged that the Nanavati Commission report, which found that certain Congress party leaders were responsible for the 1984 anti-Sikh massacre, had not been acted upon. On May 17, 2006, the Board denied the motion, reasoning that the facts asserted either were not new or were not material. Ghotra had previously testified at his removal hearing that the Congress party controlled the Punjab government and the national government. Moreover, Ghotra did not explain how inaction on the Commission report affected his claim for relief. Ghotra petitioned for review on May 30, 2006.

We lack jurisdiction to review the Board's March 22, 2006 decision dismissing Ghotra's appeal of the IJ's denial of his application for asylum, withholding of removal and CAT protection. Ghotra did not timely file a petition for review of this decision, see 8 U.S.C. § 1252(b)(1), and a motion to reopen does not toll the thirty-day statutory period for seeking judicial review, Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 405-06 (1995). Our review is limited to the Board's May 17, 2006 decision denying Ghotra's motion to reopen. 8 U.S.C. § 1252(a)(1). The Board's jurisdiction arose under 8 C.F.R. § 1003.2(c), which grants the Board jurisdiction to adjudicate motions regarding matters which it has previously considered.

We review the Board's denial of a motion to reopen for abuse of discretion only. Under this standard, we will reverse only if the Board's decision is arbitrary, irrational, or contrary to law. Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). An alien may "reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered," but only "if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); see also 8 C.F.R. § 1003.2(c)(1) (same, addressing timely motions to reopen). Ghotra stated in his motion to reopen, and again in his Informal Brief on appeal at pp. 7-8, that the Congress party, which was in power during the 1984 anti-Sikh massacre, was in control of the Punjab Government. Although the current prime minister is a Sikh, he is a member of the Congress party, which opposes the creation of a separate Sikh state.

We conclude, however, that the Board did not abuse its discretion in finding that these same assertions were raised in the original proceedings. Ghotra testified at his December 15, 2004 removal hearing that the Congress party controlled the Punjab Government and the national government of India, App. 8. The Board thus correctly determined that these assertions cannot provide a basis for reopening removal proceedings. 8 C.F.R. § 1003.2(c)(3)(ii); see also 8 C.F.R. § 1003.2(c)(1). Ghotra also contended that the Indian Government has refused to take any action based on the Nanavati Commission report, which cited several Congress party leaders for complicity in

4

the 1984 anti-Sikh violence.  This, Ghotra asserts, is evidence that Sikhs face discrimination in India.  We conclude, however, that the Board did not abuse its discretion in concluding that this assertion was not material to Ghotra's claim for relief. See Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (discrimination does not constitute persecution).

We will deny the petition for review.